UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TROY A. STILLS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-1256-SRW |
| ROBERT WELLS, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented plaintiff Troy A. Stills, an incarcerated person at Fulton Reception and Diagnostic Center ("FRDC"), for leave to commence this action without pre-payment of the required filing fee. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $12.96. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint as to defendants Robert Simpson, Randy Brooks, Canyon Goodbar, Lenny Pabin, and Robert Wells. The Court will order service to issue on plaintiff's claims brought against defendant Chris McElvy in her individual capacity. *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Filing Fee Under Prison Litigation Reform Act**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full. *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $64.79. The Court will therefore assess an initial partial filing fee of $12.96, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

On December 29, 2019 in Dent County, Missouri, plaintiff was charged with one count of domestic assault in the second degree by striking the victim in the face with his fist (Count I), one count of domestic assault in the second degree by choking the victim (Count II), and one count of resisting/interfering with arrest for a felony by using physical force (Count III), arising out of a domestic dispute. On February 3, 2021, plaintiff entered an Alford Plea on Counts I and III and was sentenced to four years' imprisonment in the Missouri Department of Corrections. *State v. Stills*, 19DE-CR00624-02 (Crawford Cty.).[1] Count II for domestic assault by choking the victim was dismissed by the prosecution. *See State v. Stills*, 19DE-CR00624-02 (Crawford Cty. Feb. 4, 2021).

## Pending Federal Case Against Officers Simpson, Brooks, and Goodbar

On August 19, 2020, plaintiff filed in this Court a civil action pursuant to 42 U.S.C. § 1983 against defendants Salem, Missouri Police Department; Robert Simpson; Joseph Chase; and the City of Salem, Missouri. *See Stills v. Simpson*, 4:20-CV-1099-PLC (E.D. Mo. filed Aug. 19, 2020). On initial review pursuant to 28 U.S.C. § 1915(e), the Court dismissed all claims except

---

[1] On March 26, 2020, the state court granted an uncontested motion for change of venue from Dent County to Crawford County, Missouri.

-3-

those brough against Officer Simpson in his individual capacity. Plaintiff's claim that Officer Simpson choked him in the back seat of Simpson's patrol car survived initial review and are being litigated already in this Court. *Id.* at ECF No. 11. Recently, plaintiff filed a motion to amend his complaint to add claims against Officer Randy Brooks for failure to intervene and Officer Canyon Goodbar for excessive force. *Id.* at ECF No. 27. The Court granted plaintiff's motion to amend, and therefore plaintiff's claims against defendants Brooks and Goodbar for failure to intervene and excessive force, respectively, are pending before the Court in *Stills v. Simpson*, 4:20-CV-1099-PLC. *Id.* at ECF No. 31.

## The Complaint

Plaintiff files this civil action pursuant to 42 U.S.C. § 1983 against the following officials at the Dent County Sheriff's Department: Robert Wells, Sheriff; Lenny Pabin, Major; Chris McElvy, Lieutenant; and Canyon Goodbar, Deputy. Plaintiff also names as defendants the following officials at the Salem County Police Department: Robert Simpson, Officer, and Randy Brooks, Corporal. All defendants are sued in both their official and individual capacities.

Plaintiff's claims against defendants Simpson, Brooks, and Goodbar are already pending in another civil case filed by plaintiff in this Court, *Stills v. Simpson*, 4:20-CV-1099-PLC; *see supra*. Because these claims have been brought in another case pending before the Court, the Court will not address these claims here and will dismiss them as duplicative. *Id.* at ECF No. 31.

As to the claims brought against defendant Chris McElvy, plaintiff states McElvy denied him medical treatment of a serious medical condition. Plaintiff alleges he suffered constipation for seven days while in the Dent County Jail. He states defendant McElvy treated this condition with over-the-counter magnesium citrate, a saline laxative. When the first bottle of magnesium citrate did not relieve plaintiff's symptoms, he alleges McElvy gave him a second bottle "which is strictly against the instructions and doctor recommendation on the bottle."

Plaintiff alleges that he should have been seen by a doctor after the first bottle of magnesium citrate did not work. He also states McElvy falsified a medical request by claiming that plaintiff had told her the medication had worked. Plaintiff states, "Eventually I started bleeding out of my anus and still am today, eight months later."

At some point, plaintiff sought and received medical treatment at the Dent County Jail from Dr. Teri Bruno, who ordered a colonoscopy. Plaintiff states jail staff has refused to allow him to get a colonoscopy, even though at one point he had an appointment. "The doctor doesn't deny the seriousness of my conditions but the jail staff [defendant McElvy] does." *See* ECF No. 1-1 at 34, 36, and 38. Plaintiff is concerned because his father and grandfather were diagnosed with colon cancer, and his grandfather died from this condition. For relief, plaintiff seeks damages for his physical injuries and emotional distress.

## Discussion

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounts to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind

approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Plaintiff alleges Dr. Teri Bruno ordered a colonoscopy for plaintiff because he had been bleeding out of his rectum. Plaintiff states that defendant McElvy falsified a response to plaintiff's grievance by stating that plaintiff had said that "the medication [magnesium citrate] worked." Further, she cancelled his colonoscopy appointment and never rescheduled it. Plaintiff states the bleeding continued for eight months, and McElvy failed to follow Dr. Bruno's recommendation that plaintiff receive a colonoscopy. Plaintiff has alleged he suffered a serious medical need and that defendant McElvy knew of and disregarded that need. The Court finds that plaintiff has stated a plausible claim against defendant McElvy in her individual capacity and will order the Clerk of Court to issue service upon her.[2]

As to the remaining defendants, plaintiff has stated no factual allegations against Lenny Pabin and Robert Wells. Plaintiff states merely that "[m]ost of [McElvy's] responses defer to Major Pabin. That's how he is involved and his superior is Bob Wells. I'm unsure if Bob Wells is responsible in any way directly." Plaintiff does not allege that defendants Pabin and Wells were causally linked to, or that they bore any personal responsibility for his alleged constitutional deprivations. "Liability under § 1983 requires a causal link to, and direct responsibility for, the

---

[2] The Court will dismiss without prejudice plaintiff's claims against defendant McElvy brought in her official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Plaintiff has not established the governmental entity's liability for McElvy's conduct.

-6-

alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Because plaintiff has made no allegations that defendants Pabin and Wells were personally involved in or caused any violations of his rights, the Court will dismiss these defendants without prejudice under 28 U.S.C. § 1915(e).

Plaintiff's Motion to Appoint Counsel

Plaintiff's motion to appoint counsel will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Plaintiff's Motion to Add Claim of False Arrest

On February 2, 2021, plaintiff filed a motion in both this case and his other pending § 1983 case seeking to add claims of false arrest. First, his claim of false arrest would not be stated against

-7-

defendant in this case, Chris McElvy, but rather would be stated against defendants Simpson and Brooks. So, if allowed, the claim would be appropriately filed in plaintiff's case against defendants Simpson and Brooks, *Stills v. Simpson,* No. 4:20-CV-1099-PLC.

Moreover, plaintiff pled guilty to two counts arising out of this alleged false arrest—Count I, domestic assault in the second degree, and Count III, resisting or interfering with arrest. A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Schafer v. Moore,* 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Plaintiff's conviction on Counts I and III has not been reversed, expunged, or called into question by issuance of a writ of habeas corpus.

If plaintiff were granted leave to file a claim of false arrest, this claim would necessarily imply the invalidity of the crime for which he has pled guilty. As such, *Heck* bars plaintiff's Fourth Amendment claims of false arrest. The Court will deny plaintiff's motion for leave to add this claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.96 within thirty (30) days of the date of this Memorandum and Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Robert Simpson, Randy Brooks, and Canyon Goodbar are **DISMISSED without prejudice** as duplicative of the claims alleged in *Stills v. Simpson*, No. 4:20-CV-1099-PLC.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Robert Wells and Lenny Pabin are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Chris McElvy in her official capacity are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Chris McElvy (Lieutenant, Dent County Jail) in her individual capacity.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to add a claim of false arrest is **DENIED**.  [ECF No. 10]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**. [ECF No. 4]

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 15th day of April, 2021.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE